# Colt's Case.

*Lunacy—Weak-minded persons—Control of property—Act of June* 19, 1901, *P. L.* 574.

The Act of June 25, 1895, P. L. 300, as amended by the Act of June 19, 1901, P. L. 574, which permits interference with the primary right of a person to control and dispose of his own estate during his life, should not be enforced except in clear cases for the benefit of a person unable to take care of his property.

The act will be applied in proceedings instituted by disinterested parties from proper motives and solely to preserve the respondent's estate for his

own good, where it appears that the respondent was mentally weak, that
he had transferred the whole of his personal property, recently acquired
by inheritance, in exchange for an interest in a manufacturing corpora-
tion of which he had no knowledge whatever, and that he knew neither
the value of the stock he was to receive, how much he was to get, nor how
much he was to pay for it.

Since the act gives to the party against whom the proceedings are taken
the right to demand a trial by jury, it does not violate the provisions of
the Declaration of Rights—"Trial by jury shall be as heretofore and the
right thereof remain inviolate."

Argued April 23, 1906. Appeal, No. 151, Jan. T., 1905, by
Charles B. Colt, from order of C. P. Erie Co., May T., 1905,
No. 21, appointing guardian for weak-minded person in the
matter of Charles B. Colt, alleged weak-minded person. Be-
fore FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.
Affirmed.

Petition by the directors of the poor of Erie county praying
for the appointment of a guardian for Charles B. Colt.

The court entered the following decree :
And now, April 3, 1905, due notice of the proceedings in
above case having been given according to law, and Charles B.
Colt, the party against whom the proceedings were taken, hav-
ing been present at the hearing, and the court having heard all
the testimony offered on both sides, including that of said re-
spondent, the court being clearly satisfied that said Charles B.
Colt is not able owing to weakness in mind to take care of his
own property, the court does so decide and decree, and L. B.
Jones, Esq., is appointed guardian to take care of the property
of said Charles B. Colt. The costs of this proceeding to be
paid out of respondent's estate. Said guardian to give bond
in the sum of five thousand dollars.

*Error assigned* was the decree of the court.

*L. E. Torry*, for appellant.

*Frank Gunnison*, with him *Miles R. Nason*, for appellee.

PER CURIAM, May 14, 1906 :
In Hoffman's Estate, 209 Pa. 357, it was said by the pres-
ent Chief Justice that the Act of June 25, 1895, P. L. 300,

" establishes a legal status or condition, intermediate between normal mental capacity and insanity or lunacy, a state of weak or enfeebled mind, neither mens sana nor non compos mentis," and that it is a " dangerous Statute easily capable of abuse by designing relatives to accomplish the very wrong intended to be guarded against, and therefore to be administered by the courts with the utmost caution and conservatism." This act and the Act of June 19, 1901, P. L. 574, amending it, permit interference with the primary right of a person to control and dispose of his own estate during his life. Such interference should not be allowed except in clear cases for the benefit of a person unable to care for his property: Bryden's Estate, 211 Pa. 633.

The testimony in this case, however, fully warrants the findings of fact and the decree based on them. It appeared at the hearing that the appellant was because of mental weakness unable intelligently to manage his business affairs. He had transferred the whole of his personal property, recently acquired by inheritance, in exchange for an interest in a manufacturing corporation of which he had no knowledge whatever. He knew neither the value of the stock he was to receive, how much he was to get, nor how much he was to pay for it. The proceeding was instituted by disinterested parties manifestly from proper motive and solely to preserve the appellant's estate for his own good.

·Since the act gives to the party against whom the proceedings are taken the right to demand a trial by jury, it does not violate the provision of the declaration of rights that " Trial by jury shall be as heretofore and the right thereof remain inviolate."

The decree is affirmed.