## Mulholland's Estate.

217        65
f219       357

*Will—Probate—Testamentary capacity.*

A decree of the orphans' court refusing an issue devisavit vel non will be sustained where it appears that although there was some evidence of want of memory and acts of childishness on the part of testatrix, yet the affirmative and practically undisputed evidence shows that the will was drawn by an attorney at her instruction, executed in the presence of the attorney and witnesses without any party in interest being present, that testatrix knew the nature of the act she was performing, knew what property she had, what she wanted done with it, and also knew the persons whose relationship to her would make them naturally the object of her consideration.

*Lunacy—Weak-minded persons—Acts of June 25, 1895, P. L. 300, and June 19, 1901, P. L. 574—Will.*

Where a testatrix shortly after having made her will is declared a

weak-minded person under the Acts of June 25, 1895, P. L. 300, and June 19, 1901, P. L. 574, the operation of the decree is prospective only, and does not change the burden of proof in regard to the will; and, while such a decree may be proper evidence for consideration in a contest over the will, its effect will be defeated where it appears that the decree was secured at the sole instance of the contestant against the will.

Those are unwise and dangerous acts and call for great care and circumspection in their administration. In particular the relationship of the petitioner, not only to the accused but to the accused's property, with a view. to the uncovering of any secret or selfish motive in the proceedings should always be made a specific point for the keenest and most searching judicial inquiry.

Argued Jan. 10, 1907. Appeal, No. 228, Jan. T., 1906, by Margaret W. DaCosta, from decree of O. C. Phila. Co., Oct. T., 1905, No. 477, refusing an issue devisavit vel non in Estate of Margaret Mulholland, deceased. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Appeal from register of wills.

From the record it appeared that the register of wills directed a precept for an issue devisavit vel non to the court of common pleas to determine the question of the validity of the will. On appeal to the orphans' court evidence was heard and Penrose, J., filed an opinion reversing the order of the register of wills, and directed the latter to admit the will and codicil to probate.

Other facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court. ·

*Edward A. Anderson*, with him *Edwin S. Ward*, for appellant, cited : Swails v. White, 149 Pa. 261 ; Roche v. Wegge, 202 Pa. 169.

*Wm. H. R. Lukens*, for appellee.

Opinion by Mr. Chief Justice Mitchell, February 4, 1907:
There is no evidence in this case which would justify an ᵣ court in allowing a jury to set aside this will. The circumstances under which it was drawn are undisputed. A member

of the bar while on a business visit to the testatrix's grand-daughter was informed that testatrix with whom he was not personally acquainted, desired to see him. He went into the next room and was introduced to testatrix who told him she wanted to make a will. He requested the granddaughter to leave the room, and then testatrix said she had made a will at the instigation of her daughter Mrs. DaCosta, of which she did not approve, leaving the total sum and substance of her estate to that daughter; that she desired to equally divide her property, and that she wished the children of her dead daughter to have a share of her estate. The will was then written in accordance with this expressed desire, read carefully to testatrix and approved by her; witnesses were brought in and in their presence the will was read again to testatrix and then executed, no one being present but testatrix, the witnesses and the attorney. The will bequeathed her gold watch to one of the granddaughters, and the residue of her estate to her children and grandchildren. We thus have affirmative and practically undisputed evidence that testatrix knew the nature of the act she was performing, knew what property she had, what she wanted done with it, and also knew the persons whose relationship to her would make them naturally the objects of her consideration. These are the essential elements of testamentary capacity. On the other side there is the usual neighborhood gossip about want of memory, acts of childishness, inability to take care of herself, etc. Opinions unfortified by specific facts are a very unsafe basis on which to deprive any person of control of his property. In the evidence in this case facts to sustain the opinions as to mental weakness are notably absent. A whole volume of such testimony would be of little weight against the clear affirmative proof of testamentary capacity already shown, and what there is of it is discredited by the explicit finding of the learned judge below that "the contestant and most if not all of her witnesses, either on cross-examination or while testifying in chief, state facts which are utterly in conflict with their assertions of imbecility."

One feature of the case requires further notice. Shortly after the making of the will now in contest, the contestant apparently having learned of it and apprehensive that the prior will under which she would take the whole estate would be

thereby revoked, filed a petition in the court of common pleas under the Acts of June 25, 1895, P. L. 300 and June 19, 1901, P. L. 574, to have her mother declared of weak mind, and after a hearing that court " reached the conclusion that the testatrix was not able, owing to weakness of mind, to take care of her own property," and appointed a guardian.   The operation of this decree was prospective only, and, therefore, it did not change the burden of proof in regard to the will.   Owing, however, to the shortness of the interval between the execution of the will and the decree of the common pleas, the latter is proper evidence for consideration in a contest over the former. Apart, however, from the fact that such weak-mindedness as might lead to improvidence in the care of property is not necessarily inconsistent with testamentary capacity the decree in the present case is entitled to very little weight in view of the forcible suggestion of the learned judge of the orphans' court: " Whether the conclusion would have been reached had the fact been disclosed that the petitioner had recognized the capacity of the mother to take care of her property by obtaining the will of May, 1901, which she then held in her possession, by which she would succeed to the exclusive possession of the estate, may well be doubted; but the fact was not only not disclosed, but the petitioner, in testifying in the proceeding, positively denied that such a will had been executed ! "

This case is a fresh illustration of the unwise and dangerous character of the act referred to in Hoffman's Est., 209 Pa. 357, and the necessity for great care and circumspection in its administration.   In particular the relationship of the petitioner not only to the accused but to the accused's property, with a view to the uncovering of any secret or selfish motive in the proceedings should always be made a specific point for the keenest and most searching judicial inquiry.   Had the real facts been disclosed in the hearing in the common pleas it is not probable that the learned judge there would have appointed a guardian at the instance of a grasping daughter with such a plain interest in taking the mother's property out of her control.

Decree affirmed with costs.