## In re Catherine Collins.

*Feeble-minded persons—Appointment of guardians—Act of May 28, 1907.*

1. The Act of May 28, 1907, P. L. 292, is so easily capable of abuse by designing relatives that it is to be administered by the courts with the utmost caution and conservatism.

2. The testimony to establish mental weakness, under the Act of May 28, 1907, P. L. 292, must be both clear and preponderating.

3. It is no sign of weak-mindedness that a woman of advanced years favors one daughter and has an antipathy to two other daughters, nor is the fact that she spent approximately $150 for clothes any evidence that she is likely to dissipate her estate, particularly when she knew that she had $250 in a savings account and would ultimately come into possession of about $2750.

4. On a petition for an appointment of a guardian under the Act of May 28, 1907, the only pertinent inquiry is whether the person complained against is feeble-minded and so mentally defective that she is unable to take care of her property.

Petition for appointment of guardian under the Act of May 28, 1907, P. L. 292. C. P. Dauphin Co., Sept. T., 1924, No. 1146.

*James G. Hatz*, for petition; *Snyder, Miller & Hull*, contra.

HARGEST, P. J., Feb. 16, 1925.—This case arises upon the petition of an aged husband to have his somewhat more aged wife declared weak-minded, under the Act of May 28, 1907, P. L. 292.

This act provides for the appointment of a guardian whenever any person "shall become insane or feeble-minded, epileptic or so mentally defective that he or she is unable to take care of his or her property, and, in consequence thereof, is liable to dissipate or lose the same and to become the victim of designing persons."

This statute is so easily "capable of abuse by designing relatives" that it is to be administered by the courts with the utmost caution and conservatism: Hoffman's Estate, 209 Pa. 357; Colt's Case, 215 Pa. 333; Mulholland's Estate, 217 Pa. 65. This case presents an unusually sad spectacle. Not only the hus-

*In re Catherine Collins.*

band charges his wife with being weak-minded, but two of her daughters, with whom she and her husband live, are arrayed against her. Two other daugh-ters side with her. The evidence to sustain the allegations of weak-mindedness consists largely of tales of abuse and assault and battery which the husband and two daughters say the aged wife and mother has heaped upon the daughters. The evidence, on the other side, is to the effect that the abuse and assaults have been inflicted by the two daughters upon their mother, to the extent of leaving marks and scratches upon the face.

It is alleged that Catherine Collins came into possession of $250, whereupon she purchased herself a rather nice winter coat for $95, and a dress for $57.50, and this is said to be evidence that she is liable to "dissipate or lose" her property and to "become the victim of designing persons." The petitioner's evidence shows that their fear is that the designing person likely to victimize their mother is one of the daughters. On the other hand, it is shown that several years ago Catherine Collins came into possession of $100, the proceeds of a Liberty Bond given to her by her son, now deceased; that at that time she also had $150 accumulated by saving from time to time, and that she placed these sums at interest in a savings account. It is also shown that when she came into the possession of $550 from the Railroad Relief, upon the death of her son, she promptly placed that money in a savings account. One-half of the son's estate, amounting to about $2000, will soon come into her possession.

A number of persons, including one physician, have testified that the respondent is neither weak-minded nor likely to dissipate or lose her property. She took the witness-stand in her own behalf. She was mentally keen and alert, of good memory for one of her age, and we could quite understand the surprise of some of her intimate acquaintances who did not know, until they heard it in court, that Catherine Collins could neither read nor write.

It is the doctrine of all the cases that the testimony to establish mental weakness under the Act of 1907 must be both clear and preponderating.

In In re Mary Sturgeon, 14 Dist. R. 205, it is held: "Before entering a decree depriving a person of the care of his or her property, the court must be clearly satisfied of the existence of the weakness in mind charged. The defect must be in the quality of the mind itself; neither inexperience nor defective knowledge will suffice."

In the case before us, we are not only not satisfied that Catherine Collins is either weak-minded or likely to dissipate or lose her property or become the victim of designing persons, but the preponderance of the evidence shows the contrary. It is no sign of weak-mindedness that a woman of her age favored one daughter and had an antipathy to the two others: Gift's Estate, 20 Dist. R. 1076. Nor is the fact that she spent approximately $150 for clothes any evidence that she is likely to dissipate her estate, particularly when she knew she had $250 in a savings account and was ultimately to come into possession of about $2750: Bryden's Estate, 211 Pa. 633.

There are a number of cases, in addition to those heretofore cited, in practically all of which the evidence to support a finding of weak-mindedness is stronger than that in the case at bar, and in all of which the court declined to so find: In re Appointment of Guardian, 69 Pitts. L. J. 535; Sigler v. Sigler, 18 Dist. R. 345; Com. v. Hoffmaster, 22 Dist. R. 1004; In re Abigail Snyder, 1 Berks Co. L. J. 234; In re Clara Keiser, 4 Lehigh Co. L. R. 173; In re Benjamin Brown, 20 Dist. R. 812, 26 Montg. Co. Law Repr. 176; Beers v. Fenner, 14 Dist. R. 478, 30 Pa. C. C. Reps. 652; Leitch v. Leitch, 43 Pa. C. C. Reps. 134; In re Mary Silverthorn, 2 Erie Co. L. J. 212; Bolig's Case, 1 D. & C. 803; Seibert's Petition, 70 Pitts L. J. 676.

In re Catherine Collins.

It is true that in the household of this aged couple there exists a condition almost intolerable, which certainly ought to be corrected, and which is due to the devilish disposition on the part of some one. It is not necessary for us to find who is at fault. The only pertinent inquiry for us to make is whether Catherine Collins has created that situation because she is feeble-minded and is so mentally defective that she is unable to take care of her property.

Applying the rules of law to the evidence in this case, the conclusion is irresistible that Catherine Collins is not feeble-minded, nor so mentally defective that she is unable to take care of her property, in consequence of which she is likely to dissipate or lose the same or become the victim of designing persons. We must, therefore, dismiss the petition.

Now, Feb. 16, 1925, the petition for the appointment of a guardian for Catherine Collins is hereby dismissed, at the cost of the petitioner.

From Sidney E. Friedman, Harrisburg, Pa.