## Taylor's Estate.

Argued October 2, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James L. Hogan,* with him *Holt, Richardson & West,* for appellees.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

James W. Taylor, the testator, died on December 21, 1932. A few days later an instrument dated June 12, 1909, and purporting to be his last will and testament, was duly admitted to probate by the register of wills of Beaver County. On July 6, 1933, Fronie E. Bowers, a stranger to the blood, filed a petition in the orphans' court of that county, praying that the probate of this will be set aside and that a writing dated December 22, 1925, be admitted to probate as the will of decedent. This petition was resisted by various brothers, sisters, nephews and nieces of the testator, beneficiaries under the 1909 instrument, on the ground that at the time of the later instrument, by which the bulk of the estate was bequeathed to Mrs. Bowers, decedent lacked testamentary capacity and was subject to undue influence.

From December, 1925, a year after he had become physically disabled as the result of an automobile accident, until his death seven years later, the testator lived in the home and was under the care of Mrs. Bowers. It appeared that he and Mr. and Mrs. Bowers had been friends for many years, and that after the accident he had written to Mr. Bowers asking to be taken to the latter's home. The chancellor, recognizing that the testator's infirm condition and the confidential relationship between him and petitioner placed upon her the burden of showing testamentary capacity and the absence of undue influence (see Dible's Est., 316 Pa. 553, and cases there cited), found that that burden had been met, and decreed that the probate of the earlier document be set aside and the instrument dated December 22, 1925, be admitted to probate. From this decree contestants have appealed.

It is the settled rule of this court that a chancellor's findings on the questions of testamentary capacity and undue influence, and his refusal of an issue devisavit vel non—which are the only questions raised here—will not be reversed unless an abuse of discretion on his part appears, that is, unless his conclusions are such that a judicial mind could not reasonably have reached them upon due consideration of the evidence as a whole: Dible's Est., supra, and cases there cited. A careful examination of the voluminous record has convinced us that the chancellor's findings were entirely reasonable and were amply supported by the evidence. The record shows that the 1925 will was drawn at the request of testator, and its provisions dictated and the attesting witnesses suggested by him. In addition, the chancellor had before him the testimony of a physician who examined testator at the time of the execution of the will, as well as the testimony of the two attesting witnesses, that he was of sound mind when he signed it. Numerous other witnesses, who visited testator within a few months of the execution of the will, also testified to his mental soundness. As regards the claim of undue influence, there is little if anything in the record to support it. The whole case discloses only that a stranger to the blood in a confidential relationship received a bequest. After a review of the lives of these people, for years, not a single circumstance was shown to indicate any overreaching of the testator. To recite the evidence at greater length would be supererogatory; we could not possibly say from this record that the chancellor was not justified in his conclusion.

Appellants rely strongly on the fact that the testator was, two years after the execution of the 1925 will, adjudged weak-minded and a guardian appointed for his estate, under the Act of May 28, 1907, P. L. 292, in proceedings which were begun on the same day on which that will was executed. We have expressly held, however, that the operation of such a decree is prospective only,

560

and that in and of itself it cannot nullify a prior will: Mulholland's Est., 217 Pa. 65.* The decree was admitted in evidence by the chancellor and as such was fully considered by him; more than this the contestants could not require, if indeed, under the circumstances disclosed, they could require this much.

Decree affirmed at the cost of appellants.

---

* Mulholland's Estate was decided under the Acts of June 25, 1895, P. L. 300, and June 19, 1901, P. L. 574, the provisions of which were substantially reënacted in the Act of 1907, supra.