## In re Altland

*A. W. Reese,* for petitioner.

*G. T. Hambright,* contra.

WISSLER, J., March 27, 1942.—In this case a petition was presented on December 5, 1941, to the Court of Common Pleas of Lancaster County by Emmett E. Altland praying that the court adjudge Aaron F. Altland to be unable to take care of his property and appoint a guardian for his estate. On January 6, 1942, E. A. Tappert presented a petition to the court for leave to intervene, stating that he is a creditor of the said Aaron F. Altland by reason of having, on September 11, 1941, entered into a written agreement to purchase certain real estate of said Aaron F. Altland, whereupon the court, on the same day, granted a rule on Emmett E. Altland to show cause why petitioner should not be per-

mitted to intervene as a party respondent and in interest in the said proceeding.

The sole question arising in this proceeding is: Does a creditor or party having a claim against an alleged weakminded person have a right to intervene at the preliminary hearing fixed to determine the alleged weakmindedness?

The weakminded proceedings were instituted under the Act of May 28, 1907, P. L. 292, as amended by the Act of April 1, 1925, P. L. 101, 50 PS §941, section 1 of which provides as follows:

". . . whenever hereafter any person, being a resident of this State, shall become insane or feebleminded or epileptic, or so mentally defective that he or she is unable to take care of his or her property, and in consequence thereof is liable to dissipate or lose the same, and to become the victim of designing persons, it shall be lawful for either the mother, father, brother, sister, husband, wife, child, next of kin, creditor, debtor, or, in the absence of such person or persons, or their inability, any other person, to present to the court of common pleas of the county in which said person to be cared for resides, his or her petition, under oath, setting forth the facts, praying the court to adjudge such person to be unable to take care of his or her property, and to appoint a guardian for the estate of such person."

Section 2 of the same act provides: "Thereupon it shall be the duty of the court to fix a day for the hearing on such application, and direct that ten days' written notice thereof be given to the person against whom the petition is presented, and also to the other members of his or her family residing within the jurisdiction, and, if such person or persons cannot be found, then by notice by such publication as the court may think proper."

It will be noted that, while section 1 of the act authorizes a creditor or debtor to file such a petition, section 2 does not require any notice of the day fixed by the court for a hearing on such application to be given to

anyone other than the members of the family of the party so sought to be declared weakminded, residing within the jurisdiction. Accordingly, the act of assembly does not provide for the intervention of a creditor or other person having a claim or demand against the alleged weakminded person.

The primary purpose of the Act of May 28, 1907, P. L. 292, as amended by the Act of April 1, 1925, P. L. 101, is to safeguard the property of weakminded persons: Ex Parte Stein, 3 D. & C. 705 (1923).

In Campbell's Estate, 9 D. & C. 200 (1927), Judge Gest said (p. 201):

". . . under the Act of 1907 the jurisdiction of the Court of Common Pleas is founded merely upon the inability of the person concerned to take care of his property, and his liability to dissipate or lose the same and to become the victim of designing persons; and if the court is satisfied that the person is not able to take care of his property, it becomes the duty of the court to appoint a guardian to take care of the same. All that the court is concerned with is the conservation of the property of the feebleminded person and its administration by his guardian. The feebleminded person is not deprived of his liberty, and the custody and care of his person are not committed to another . . ."

In that case an attachment was permitted to be issued against a party after he was declared a weakminded person, for defalcations made by him as an executor before he was declared weakminded.

In Harker's Estate, 176 Pa. 19 (1896), involving a decree under the Act of June 25, 1895, P. L. 300, which act was not changed by the Act of 1907, supra, as to underlying beneficent purpose, the court held that a decree under this act "will invalidate her future contracts, but it does not appear that it will affect her past contracts." Nor are gifts prior to the decree invalidated: Montgomery Trust Co. v. Griscom, 27 Del. Co. 437 (1937).

In Taylor's Estate, 316 Pa. 557 (1934), it was held: "The operation of a decree adjudicating a person to be weakminded and appointing a guardian for his estate is prospective only, and in and of itself cannot nullify a prior will executed by such person though the proceedings in which the decree was entered were begun on the same day on which the will was executed."

Every person is presumed to be sane and to have the mental capacity to contract until he has been declared incompetent by a court of competent jurisdiction: Young v. Dollar Savings Bank, 25 D. & C. 80 (1935).

It is contended, however, by the petitioner that under Rule 2327(3) of the Pennsylvania Procedural Rules, the commentary to which in Goodrich-Amram Procedural Rules Service, §2327-6, reads as follows: ". . . . a person may ask leave to intervene whenever he could have joined as an original party or could have been joined therein. This permits the intervention of a person if he could at any time have become a party or could have been made a party whether on his own initiative or upon application of any party to the action . . ." he, having the right as an original party under the Act of May 28, 1907, P. L. 292, would be entitled to intervene.

Goodrich-Amram, in their Procedural Rules Service, section 2327(3), page 7, under the heading "Who May Intervene. Generally", state: "Rule 2327 provides that certain classes of persons 'shall be permitted to intervene.' This is not the grant of an absolute right of intervention which may be exercised by the petitioner without regard to the approval of the court. The rule is qualified by the provisions that intervention is to be 'subject to these rules' and Rule 2329 confers upon the court the power to refuse leave to intervene under certain circumstances. . . ."

Rule 2329 provides: "Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition

have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if . . . (2) the interest of the petitioner is already adequately represented; . . ."

Since a weakminded decree is prospective only, and affects only future contracts and does not invalidate past contracts, or enable the party so decreed to evade his or her responsibilities, the court feels that the interest of petitioner is already adequately represented, and accordingly discharges the rule.

And now, March 27, 1942, the rule to show cause why petitioner should not be permitted to intervene is discharged.