Gressel et al., Appellants, *v.* Bailey et al.

Argued November 15, 1949. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*John Patrick Walsh,* with him *Leon Rosenfield,* for appellants.

*Wesley H. Caldwell* and *Roper & Caldwell,* for Joseph P. Bailey et ux., appellees.

*Oscar G. Bender,* for Anna Bailey et al., appellees.

*Samuel A. Goldberg,* with him *William H. Vincent* and *Wolf, Block, Schorr* and *Solis-Cohen,* for Harry Keidel et ux., appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1950:

This appeal is from an order dismissing a bill in equity which sought to cancel deeds and order reconveyance of real estate.

Plaintiffs, August A. Gressel and Bartlin Gressel, are the sons and William C. Gressel, Jr., and Joan Gressel are the grandchildren of Louise K. Gressel, who died February 23, 1947. One defendant is Anna Bailey, a daughter. Other defendants are: Martin E. Gallagher, a real estate agent, and Harry Keidel and wife and Joseph P. Bailey and wife, who were purchasers of certain real estate herein involved.

Plaintiffs charged in the bill that the defendant daughter, acting in concert and collusion with defendant Gallagher, secured (1) a deed dated November 28, 1945 conveying the real estate to the daughter and (2) a will dated the same day (copy of which was attached to the bill) whereunder the daughter (after direction for payment of debts and two pecuniary legacies to decedent's sons) was bequeathed and devised the entire residuary estate absolutely.

According to our examination of the record, the will is lodged for probate with the register of wills but a notice of caveat has been lodged by plaintiffs preventing its probate.

The bill further avers that the defendant daughter fraudulently appropriated certain personal property, insurance, etc. to her own use; that the realty transfers were secured by the daughter through fraud and undue influence practiced by the daughter on her mother, and also that the mother did not possess mental capacity.

The bill sought the following relief: (a) an injunction against transfer and encumbrance (b) discovery (c) a declaration of constructive trust (d) an accounting (e) an order directing probate of will.

Upon hearing, the court held that there was no proof of fraud, undue influence, coercion, constraint or conspiracy, and dismissed the bill.

There exists a barrier to our consideration of this appeal. *Plaintiffs' only interest is that of heirs of de-*

*cedent.* They possess no status, at this time, to institute and prosecute this action. If the relief sought in the bill should be granted, the real and personal property in litigation would necessarily form part of the decedent's estate. By the will, lodged with the register of wills for probate (with its probate prevented by plaintiffs' notice of caveat), decedent's residuary estate is devised and bequeathed to the defendant daughter. Such daughter, therefore, is presumptively the owner as devisee and legatee under the will until or unless the will is set aside. It follows that unless and until the will is declared invalid, the present plaintiffs lack the status to institute this proceeding.

The quality of proof necessary to establish mental capacity—which was the question upon which this case largely hinged—differs in a will contest from that necessary in an *inter vivos* transaction. Less capacity is needed to make a valid will than is sufficient in most cases to transact ordinary business: *Olshefski's Estate,* 337 Pa 420, 423, 11 A. 2d 487; *Sturgeon Will,* 357 Pa. 75, 81, 53 A. 2d 139. Should this Court reverse the decree of the court below and decree the cancellation of the deeds, title to the real and personal property would pass to the defendant daughter under the terms of the will *unless or until the will should be declared invalid.* It, therefore, follows that a decree in the present equity case would not necessarily be regarded as *res judicata* in a will contest.

The order appealed from is vacated. The record is remitted to the court below for further consideration in the event that the invalidity of the will is hereafter established. Costs to abide the event.