Pierce Estate

*Rosemary M. Flannery*, for petitioner.

*Robert Trucksess*, for respondent.

ADJUDICATION BY TREDINNICK, J., AUGUST 6, 1981:

Dorothy G. McConnell, administratrix of the estate of William C. Pierce, seeks (1) an order of this court directing L. Florence Durante to turn over to the administratrix the proceeds of a certificate of deposit heretofore issued by Continental Bank, numbered 7025069, in the principal amount of $10,993.01 to "William Pierce or Auvergene Pierce" and (2) an accounting of respondent's receipts and expenditures under a power of attorney given her by decedent. On the latter point, petitioner avers that respondent obtained a power of attorney from the decedent on or about April 16, 1980, and subsequently received and disbursed income and principal on his behalf. Respondent's answer admits the averment, and therefore an accounting will be ordered.

The more interesting question is that concerning the certificate of deposit. By agreement, the certificate, having matured on August 11, 1980, has been redeemed, and the proceeds are presently held in escrow by counsel at interest pending further order of the court.

At decedent's death, Mrs. Durante had physical possession of the aforesaid certificate of deposit. It is her contention that on May 17, 1980, the decedent made a gift of the certificate to her. The administratrix established that on February 7, 1940, the Court of Common Pleas of Delaware County, Pa. adjudicated the decedent incompetent (P-1), and that no adjudication of competency has subsequently been entered in that court. The last entry on a certified copy of the records of that court[1] is dated March 3, 1981, recording the filing of an account by Fidelity Bank, substituted guardian. Petitioner thereupon moved the court to "foreclose" the taking of any testimony on the part of the respondent tending to establish a gift, as irrelevant under §5524 of the PEF Code. That section provides in relevant part as follows:

> "An incompetent shall be incapable of making any contract or gift or any instrument in writing after he is adjudged incompetent and before he is adjudged to have regained his competency."

Since the record established that the alleged gift occurred while decedent was an adjudicated incompetent, the court so ruled, although respondent was permitted to enter into the

---

1. Made a part of the record by agreement of counsel. Decedent died June 13, 1980.

record an offer of proof. That offer included a summary of evidence which, if fully credited by a fact finder, would establish that the decedent was employed by the Pennsylvania Department of Transportation from 1968 to 1978, married in 1977, was seen by persons from time to time who considered him "competent" (including a physician), and made a gift of the certificate while "competent" in the opinion of a witness.

While the matter has not been exhaustively researched by counsel or the court, it appears to be a case of first impression. The narrow question is whether the court may, notwithstanding the strictures of the statute, validate a gift made by an adjudicated incompetent if the evidence establishes a de facto state of competency at the time of the gift. If not, the fund in the present case must be awarded the administratrix. If so, then respondent must be accorded an opportunity to present evidence as to the donor's competency at the time of the alleged gift.

The language of §5524 is not new. Its origin dates at least as far back as 1907.[2] Prior case law is therefore presumably applicable. Such law suggests that notwithstanding the stricture against execution of, inter alia, "any instrument", it is possible for an adjudicated incompetent to execute a valid will: *Mohler's Est.*, 343 Pa. 299; *Estate of Hastings*, 479 Pa. 125. Does this crack in the facade of the statute suggest that it may be dismantled? The cases state that "less capacity is needed to make a valid will than is sufficient in most cases to transact ordinary business:" *Gressel v. Bailey*, 363 Pa. 614, 617. A lower court case has stated the concept in language even more pertinent: "It requires more business judgment to make a gift than to make a will:" *Weitzel v. Fillman*, 70 Berks 123. These latter cases, of course, are not strictly germane to the question of whether proof of competency — however defined — may be received to validate the gift of an *adjudicated* incompetent.

The length of the incompetency here, and the circumstances suggested by the offer of proof presents an unusual

___

2. Act of 1907, P.L. 292, §5. See also, Incompetents' Estates Act of 1955, 1956, P.L. 1154 §511, amended 1957, P.L. 794, 50 P.S. 3511.

case. However, the statute is clear and definite, and must be followed. Therefore, we enter the following

*Decree Nisi*

And Now, August 6, 1981, the proceeds of Continental Bank certificate of deposit #7025069 are awarded to Dorothy G. McConnell, administratrix of the estate of William C. Pierce.

It is further Ordered and Decreed that respondent, Florence Durante, prepare and file, under oath, an accounting of receipts and expenditures as guardian in fact under a power of attorney from date of the grant thereof to the present, within thirty (30) days of the date hereof.

Unless exceptions are filed hereto within ten (10) days hereof, this decree will become the final decree of the court as of course.