## Hoffman's Estate.

*Lunacy—Persons of feeble mind—Act of June 25, 1895, P. L. 300—Will—
Codicil—Presumption.*

The Act of June 25, 1895, P. L. 300, entitled "An act for the protection
of persons unable to care for their own property," is in pari materia with
the lunacy acts, and should receive a construction upon the same general
lines.    It establishes a legal status or condition, intermediate between
normal mental capacity and insanity or idiocy, a state of weak or enfeebled
mind, neither mens sana nor non compos mentis.    It is a dangerous statute
easily capable of abuse by designing relatives to accomplish the very wrong
intended to be guarded against, and therefore to be administered by the
courts with the utmost caution and conservatism.

A decree under the Act of June 25, 1895, P. L. 300, that a person is of
weak and enfeebled mind, and not able to take care of his property, raises
a presumption that the person who is the subject of the decree is incapable
of making a codicil to his will, but it does not close all inquiry as to the
person's capacity at the time of the execution of the codicil.    The pro-
ponent of the codicil has the burden upon him to show testamentary ca-
pacity.

| 209 | 357 |
| e211 | ¹636 |
| e211 | ¹637 |
| 209 | 357 |
| 215 | ¹334 |
| 209 | 357 |
| 217 | ¹ 68 |

Argued April 25, 1904.    Appeal, No. 54, Jan. T., 1904, by
Kate F. Lenare, from decree of O. C. Erie Co., Nov. T., 1903,

No. 19, dismissing appeal from Register of Wills in estate of Edward Hoffman, deceased. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and THOMPSON, JJ. Reversed.

Appeal from register of wills.

WALLING, P. J., stated the facts to be as follows :

Edward Hoffman made his last will on July 31, 1902, and in December, 1902, his daughter instituted proceedings in the court of common pleas of Erie county to have him declared of weak mind under the Act of June 25, 1895, P. L. 300, entitled "An act for the protection of persons unable to care for their own property." In which proceeding the said court, on March 12, 1903, entered a decree that said Edward Hoffman, owing to weakness in mind, was not able to take care of his own property, and appointed a guardian for that purpose.

Thereafter, on April 15, 1903, said Edward Hoffman, while under said guardianship, made and executed a codicil to his said last will. He died October 1, 1903. The will and codicil were admitted to probate, and thereupon Kate F. Lenare, whose legacy under the will was revoked by the codicil, took this appeal from the register's decree admitting the codicil to probate ; and on her behalf it is urged that a subsisting decree of court declaring a person to be of weak mind under said act renders him legally incapable of making a will. It is not alleged that Edward Hoffman was, as a matter of fact, incompetent to make a will at the date of the codicil.

The evidence of the three doctors and two lawyers who were witnesses to its execution satisfied the register of his testamentary capacity ; and such capacity is also averred in respondents' answer, and not denied.

The codicil was in favor of Eulalia Hoffman, testator's daughter.

The court dismissed the petition and refused an issue.

*Error assigned* was the decree of the court.

*George A. Allen*, with him *Louis Rosenzweig*, for appellant, cited : Albro's Case, 7 Pa. Dist. Rep. 763 ; Heft's Case, 8 Pa. Dist. Rep. 99 ; McLaughlin's Est., 8 Pa. Dist. Rep. 113.

*Frank Gunnison*, with him *Isador Sobel*, *Charles A. Mertens* and *Henry E. Fish*, for appellees.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 25, 1904:

The Act of June 25, 1895, P. L. 300, is in pari materia with the lunacy acts, and should receive a construction upon the same general lines. It is entitled "An act for the protection of persons unable to care for their own property," and establishes a legal status or condition, intermediate between normal mental capacity and insanity or idiocy, a state of weak or enfeebled mind, neither mens sana nor non compos mentis. This is a condition previously recognized in the law in regard to the question of undue influence in the making of wills, now established by this statute in regard to the power of contract and of general management of estate and affairs—a dangerous statute easily capable of abuse by designing relatives to accomplish the very wrong intended to be guarded against, and therefore to be administered by the courts with the utmost caution and conservatism.

The difficulty in the case which probably misled the learned judge below was that the claims of both parties are extreme, and neither can be sustained in its entirety. The testator was decreed to be of feeble mind and incapable of managing his affairs in December, 1902, and made the codicil to his will which is the cause of contention here in April, 1903. Appellant relying on the literal wording of section 5 of the act that after the decree " the said person shall be wholly incapable of making any contract or gift whatever or any instrument in writing," contends that the codicil is ipso facto void as a matter of law and must be totally disregarded. The proponents of the codicil on the other hand contend that as there is no expressed intent to repeal the provisions of the Wills Act, the words "any instrument in writing " do not include a will, and the codicil is prima facie valid, and there being no evidence that the testator was non compos when he executed it, it must stand without further contest.

Neither position is altogether sound. Section 7 of the act provides that " if at any time after the decree . . . . the party . . . . shall become able to care for his property, he or any of his family may present a petition to the court setting forth such fact," and after hearing the court may so decree and discharge the guardian, etc. This is an express provision for setting aside the decree and restoring the status of contractual

capacity during the lifetime of the party, but it is not exclusive of the ordinary rights and proceedings in regard to wills. The will of Edward Hoffman was made before the decree of incapacity against him. But that would not prevent a contestant from showing that he was non compos when he made it. And on the other hand the making of the codicil after the decree would not bar the parties from showing that he was of sound disposing mind when he made it. The contention of appellant therefore that the death of Hoffman without any revocation by the court of the decree of incapacity closed all inquiry on that subject is too broad and cannot be sustained.

On the other hand the claim of the appellees is equally untenable. As already said, this act and the lunacy act of 1836 are in pari materia and must receive a similar construction. Neither takes away the right and power of a sane man under the act of 1833 to make a will, but an adjudication by inquest or decree under either, raises a presumption of incapacity which can only be overcome by evidence of restoration of mental faculties or at least of lucid interval. The intent of both statutes was the same, the protection of the person and property of those not able to do it for themselves, and especially in the case of the act of 1895 to prevent the party's estate from being squandered by him or unfairly obtained from him by designing persons, and to preserve it for him during his life and his family afterwards. It would defeat the larger part of the intent of the act to hold as we are asked to do that a man was incapable of making a sale of a ten dollar cow even for its full value, and yet capable of disposing of his entire estate by will. Whatever the difference in capacity required between a contract and a will, the latter is an " instrument in writing " and prima facie within the prohibition of the statute, and if made during the existence of a decree, the presumption against its validity can only be overcome by satisfactory evidence of restoration of capacity. The present case is an illustration of the danger of any other construction. It comes with bad grace from a daughter who had her father adjudged incapable in December, to present a codicil favorable to herself made by him in the following April and claim validity for it without any evidence at all of a change of mental condition between times.

It is argued by appellees that it was admitted by the appel-

lant that the testator was of sound mind, and the learned judge below based his opinion partly on the absence of a specific averment in appellant's petition, that the testator was incompetent to make a will at the date of the codicil. He accordingly treated the question as one of law only, whether the decree of weak mindedness was conclusive of incompetency. But there was in fact no admission by appellant of soundness of mind, and as already said the judge was probably misled by the appellant's extreme contention. The decree of weakness of mind was not conclusive as appellant argued, but it did raise a presumption which has not been met. The proof by the witnesses to the codicil was of the ordinary formal kind for purpose of probate and wholly insufficient to overcome the existing presumption under the decree.

The decree is reversed at the costs of the appellees, and the record is remitted with directions to revoke the probate of the codicil and award an issue devisavit vel non as to said codicil, in which the proponents shall be plaintiffs and be charged with the burden of proof.