387 A.2d 865

**In re ESTATE of Sarah HASTINGS.**

**Appeal of Frank McQUISTION.**

Supreme Court of Pennsylvania.

Argued Sept. 24, 1978.

Decided June 5, 1978.

John N. Gazetos, Butler, for appellant.

Norman D. Jaffe, Butler, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

This appeal arises from a will contest involving the estate of Sarah Hastings, who died on January 19, 1975, at the age of ninety-four. The appeal is taken from an Orphans' Court decree which upheld probate of decedent's will dated September 2, 1967, and denied probate of a later will dated July 9, 1971.

Appellant is Frank McQuistion, proponent of the 1971 will and one of the beneficiaries therein. Appellee is Robert M. Hastings, proponent, executor, and sole beneficiary under the 1967 will.

The record discloses the following:

On July 9, 1966, Sarah Hastings, a resident of Butler County, Pennsylvania, executed a will. The scrivener was John Gazetos, Esquire. Under this will there were six beneficiaries including Robert M. Hastings, a nephew, and Frank McQuistion, the husband of a niece.

On September 2, 1967, Sarah Hastings executed a second will which was prepared by Norman D. Jaffe, Esquire. Under this will Robert M. Hastings, her nephew, was named executor of her estate and sole beneficiary.

On July 21, 1970, Sarah Hastings signed and delivered a general power of attorney, prepared by Attorney Jaffe, to Robert M. Hastings.

On June 23, 1971, an incompetency proceeding was initiated by Robert M. Hastings, who petitioned the court to appoint him to serve as guardian of the estate and person of Sarah Hastings.

On July 9, 1971, Sarah Hastings executed a third will which was prepared by Attorney Gazetos. The scrivener and his legal secretary witnessed her signature. Under this will there were four beneficiaries, including Frank McQuistion, but not including Robert M. Hastings.

On July 20, 1971, after a hearing on the Petition for the Appointment of a Guardian, Sarah Hastings was adjudicated incompetent and the Union National Bank of Pittsburgh was appointed guardian of her estate. There was no appointment of a guardian of her person.

On September 1, 1971, Sarah Hastings left Butler County for Orlando, Florida, where she resided at the Loch Haven Nursing Home from September 10, 1971, until her death on January 19, 1975.

On January 24, 1975, the will of September 2, 1967, was filed for probate by Attorney Jaffe at the instance of Robert M. Hastings.

On January 27, 1975, the will of July 9, 1971, was filed for probate by Attorney Gazetos at the instance of Frank McQuistion.

Subsequently, the record was certified from the Register of Wills to the Orphans' Court for determination. Following hearings the court found: (1) that Sarah Hastings was incompetent on July 9, 1971, the date on which her third will was executed; and, (2) that Sarah Hastings was not unduly influenced in the preparation and execution of her will of September 2, 1967. Thus, the court upheld probate of the 1967 will and denied probate of the 1971 will. Exceptions to the chancellor's decree were dismissed and probate of the 1967 will was upheld by the court en banc.

This appeal taken from that final decree raises the following questions: (1) did Sarah Hastings have testamentary capacity at the time she executed the will of July 9, 1971; and, (2) was the will executed by Sarah Hastings on September 2, 1967, a product of "undue influence"?

Because we conclude that Sarah Hastings possessed testamentary capacity at the time she executed her last will on

July 9, 1971, we need not consider whether her will of September 2, 1967, was a product of "undue influence."

■ A testatrix possesses testamentary capacity if she knows those who are the natural objects of her bounty, of what her estate consists, and what she desires done with it, even though her memory may have been impaired by age or disease. See *Brantlinger Will*, 418 Pa. 236, 210 A.2d 246 (1965); *Hunter Will*, 416 Pa. 127, 205 A.2d 97 (1964); *Sommerville Will*, 406 Pa. 207, 177 A.2d 496 (1962); *Williams v. McCarroll*, 374 Pa. 281, 97 A.2d 14 (1953).

■ The burden of proof as to testamentary capacity initially rests with the proponent of a will. However, a presumption of testamentary capacity arises upon proof of execution by two subscribing witnesses. *Heiney Will*, 455 Pa. 574, 318 A.2d 700 (1974); *Brantlinger Will*, supra; *Williams v. McCarroll*, supra. Thereafter, the burden of proof as to incapacity shifts to the contestant to overcome that presumption. *Heiney Will*, supra; *Brantlinger Will*, supra; *Gold Will*, 408 Pa. 41, 182 A.2d 707 (1962); *Masciantonio Will*, 392 Pa. 362, 141 A.2d 362 (1958). Moreover, where a will is drawn by decedent's attorney and proved by subscribing witnesses, as was Sarah Hastings' last will, the burden of proving lack of testamentary capacity is sustained only if the contestant can produce clear and compelling evidence of lack of testamentary capacity. *Williams v. McCarroll*, supra. In addition, it is well-recognized that testamentary capacity is to be determined by the condition of the testatrix at the very time she executes the will. *Lanning Will*, 414 Pa. 313, 200 A.2d 392 (1964); *Masciantonio Will*, supra; *Williams v. McCarroll*, supra. However, evidence of incapacity for a reasonable time before and after the making of a will is admissible as an indication of lack of capacity on the day the will is executed. *Masciantonio Will*, supra; *Skrtic Will*, 379 Pa. 95, 108 A.2d 750 (1954); *Williams v. McCarroll*, supra; *Higbee Will*, 365 Pa. 381, 75 A.2d 599 (1950).

At the hearing before the Orphans' Court on August 25 and 26, 1975, contestant presented the following evidence of

Sarah Hastings' testamentary incapacity on July 9, 1971; (1) the fact of her adjudication as an incompetent on July 20, 1971; (2) testimony by one Dr. Leroy W. Eisler that the decedent suffered from generalized arteriosclerosis and evidenced memory loss and mental confusion; and, (3) testimony by the contestant, Robert M. Hastings, that the decedent, his aunt, was forgetful and unable to handle her financial affairs.

An adjudication of mental incompetency near the date of execution of a will does not necessarily prove lack of testamentary capacity. See *Lanning Will*, supra; *Higbee Will*, supra. Where a person is adjudicated a mental incompetent and thereafter executes a will, the burden is shifted to the proponent of the will to show by clear and convincing evidence that at the time the will was made such person possessed testamentary capacity. *Lanning Will*, supra, and cases cited therein. However, where a person is declared incompetent shortly after making a will, the burden of proof of testamentary capacity does not change. A determination of incompetence is prospective only. *Higbee Will*, supra. Sarah Hastings' last will was executed on July 9, 1971, and she was adjudicated incompetent thereafter on July 20, 1971. Thus, she must be presumed to have had testamentary capacity on the date the will was executed, and the burden of showing lack of capacity by clear and compelling evidence remained on the contestant.

Contestant relied primarily on Sarah Hastings' incompetency adjudication to prove her testamentary incapacity. That decree, even though issued after execution of the 1971 will, was properly admitted as evidence of a lack of capacity on the date of the will. However, it is not conclusive.

The court in its July 20, 1971 decree adjudicating Sarah Hastings incompetent appointed Union National Bank guardian of her estate. No guardian of her person was appointed. That result was consistent with evidence presented at the incompetency proceedings to the effect that

Sarah Hastings had some difficulty managing her financial affairs but otherwise was an independent woman who travelled alone between Pennsylvania and Florida and lived alone in hotels much of the time. Competence in the conduct of one's business affairs, however, is not a requirement of testamentary capacity. Less capacity is needed to make a valid will than is necessary to transact ordinary business. *Brantlinger Will*, supra; *Higbee Will*, supra; *Sturgeon Will*, 357 Pa. 75, 53 A.2d 139 (1947). Contestant proved that testatrix was old and at times forgetful, confused, and eccentric. However, this type of evidence does not in itself warrant a finding that decedent lacked testamentary capacity. *Roberts Will*, 373 Pa. 7, 94 A.2d 780 (1953); *Conway Will*, 366 Pa. 641, 79 A.2d 208 (1951); *Higbee Will*, supra; *Olshefski's Estate*, 337 Pa. 420, 11 A.2d 487 (1940).

The law is well stated in *Aggas v. Munnell*, 302 Pa. 78, 85, 152 A. 840, 843 (1930):

"Neither old age, nor its infirmities, including untidy habits, partial loss of memory, inability to recognize acquaintances, and incoherent speech, will deprive a person of the right to dispose of his own property."

Further, in *Lawrence's Estate*, 286 Pa. 58, 65, 132 A. 786, 789 (1926) this Court stated:

"Old age, sickness, distress or debility of body neither prove nor raise a presumption of incapacity. . . . Nor will inability to transact business . . . or peculiar beliefs and opinions . . . .. Failure of memory does not prove incapacity unless it is total or so extended as to make incapacity practically certain." [Citations omitted.]

Thus, the Orphans' Court erred in concluding merely on the basis of her incompetence in handling business affairs that Sarah Hastings lacked testamentary capacity.

Moreover, the record establishes that on July 9, 1971, Sarah Hastings possessed testamentary capacity in that she knew the objects of her bounty, of what her estate consisted, and what she wanted done with it. Attorney Gazetos and his legal secretary testified as to Sarah Hastings' mental

state on that day. According to that testimony, she was angry and upset that her nephew, Robert M. Hastings, had begun incompetency proceedings against her. She stated she wanted to draw a new will which would exclude Robert M. Hastings as a beneficiary. Attorney Gazetos read to her, paragraph by paragraph, the will he had drawn for her in 1966. She indicated that she wanted to remember four of the six persons named as beneficiaries in the 1966 will but would omit a friend who had since died and Robert M. Hastings. Attorney Gazetos encouraged her to reconsider naming Robert M. Hastings since he was a blood relative, but she was adamant about her intention to disinherit him. Both witnesses further testified that on that day Sarah Hastings knew who her relatives and friends were and was aware of the assets of her estate. She expressed concern over having given her nephew a power of attorney and possession of certain securities which she owned.

A decree of the Orphans' Court may be altered on appeal only if the findings on which it rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent or credible evidence. See *Heiney Will*, supra; *Hunter Will*, supra; *Lanning Will*, supra; *Masciantonio Will*, supra. In this case it is clear that the Orphans' Court improperly viewed evidence of the incompetency adjudication as controlling and disregarded evidence of Sarah Hastings' condition at the time she executed the will. However, it is not clear whether the court placed the burden of proof on the proponent or the contestant of the will. Nevertheless, whether the court erred in placing the burden of proving testamentary capacity on proponents of the will, or whether the court improperly concluded that contestant had met his burden of proving testamentary incapacity, we are required to vacate the decree because there is insufficient evidence of testamentary incapacity.

Therefore, the decree of the Court of Common Pleas, Orphans' Court Division, of Butler County, is vacated and the case remanded with instructions to admit to probate

Sarah Hastings' will dated July 9, 1971, and to deny probate of her will dated September 2, 1967.

Costs on the estate.