518 A.2d 1263

**ESTATE OF Rachel KEEFAUVER, Deceased.**

**Appeal of Iris HENDERSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1986.

Filed Dec. 17, 1986.

Suzanne McDonough, Philadelphia, for appellant.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

On December 27, 1976, Decedent's Will was admitted to probate by decree of the Register of Wills of Philadelphia County. Thereafter, on March 10, 1977, Appellees-Contestants appealed from this decree in the Court of Common Pleas, Orphans' Court Division. Appellees' appeal alleged that Decedent lacked testamentary capacity at the time the Will was executed. Subsequently, Appellant-Proponent filed a petition to dismiss the appeal. On April 21, 1983 an Adjudication and Decree Nisi were filed sustaining the appeal and setting aside the decree admitting Decedent's Will to probate. Exceptions were filed and later dismissed by the Orphans' Court, *en banc*, on December 19, 1985. This appeal followed.

Appellant advances three counts of error allegedly committed by the Orphans' Court:

1. The court erred in concluding that Appellees had produced sufficient evidence to support a finding of testamentary incapacity;

2. The court erred in admitting former testimony of a deceased physician under 42 Pa.C.S.A. § 5934;

3. The court erred in denying Appellant's Motion to Dismiss Appellees' challenge to the admission into probate of Decedent's Will.

Initially we note that this case presents a jurisdictional question which was not raised by either party. Accordingly, it is incumbent upon this court to resolve this issue *sua sponte*. *Parker v. MacDonald*, 344 Pa.Super. 552, 558, 496 A.2d 1244, 1247 (1985). Our review of the record reveals that Appellant's notice of appeal was filed on January 22, 1986, which is more than thirty days after the Final Decree of December 19, 1985 from which this appeal is taken. At first blush, it would appear that Appellant's appeal was untimely. However, we have detected a procedural impropriety in the "Official Docket Entries", as supplied to this court, which prompts us to excuse its seeming tardiness.

■ Pa.R.App.P. 903(a) provides that a notice of appeal must be filed within thirty days of the "entry" of the order from which the appeal is taken. Pursuant to Pa.R.App.P. 108(b), the "date of entry" of an order [1] in a civil matter is the day on which notation is made in the docket that notice of the order has been given, as required by Pa.R.C.P. 236(b). We have examined the docket entries and the December 19, 1986 Decree and find that neither document bears a notation that Appellant was given the proper notice mandated by Rule 236(b). In *In re Estate of Purdy*, 447 Pa. 439, 441, 291 A.2d 93, 94 (1972), our Supreme Court was

---

1. We note this is an appeal from a Final Decree of the Orphans' Court, not an Order. However, the Orphans' Court is still required to conform with the directives of Rule 108(b) inasmuch as the term "order", for purposes of that Rule, encompasses appeals from decrees. *See* Pa.R.App.P. 102, "Definitions".

confronted with an analogous situation in which neither party to an appeal from an Orphans' Court decree received notice of its existence until two years after it had been entered. The court opined that an appeal *nunc pro tunc* was warranted given the Register's neglect to notify the parties. *See Marcinak v. Lavery,* 286 Pa.Super. 92, 96, 428 A.2d 587, 589 (1981) (the time for filing an appeal may be extended when there is a breakdown in the court's operation as sanctioned by Pa.R.App.P. 105). In light of the fact that the record before us does not show that either Appellant or Appellees were given proper notice of the Orphans' Court's Final Decree, we can only assume that the period for taking an appeal pursuant to Pa.R.App.P. 903(a) was never triggered. Therefore, we shall reach the merits of the issues presented to this court on appeal.

■ We preface our discussion of the issues at bar by stating our appellate scope of review. The findings of a judge of the Orphans' Court Division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be disturbed absent a finding of manifest error or abuse of discretion. *In Estate of Gilbert,* 342 Pa.Super. 82, 87, 492 A.2d 401, 404 (1985) (citation omitted). "We can modify a decree 'only if the findings on which it rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent or credible evidence.'" *Fulkroad v. Ofak,* 317 Pa.Super. 200, 203, 463 A.2d 1155, 1156 (1983), citing *In re Estate of Hastings,* 479 Pa. 122, 130, 387 A.2d 865, 869 (1978).

Appellant urges that the Orphans' Court erred in admitting the recorded testimony of a deceased psychiatrist, one Dr. Manuel Pearson, under 42 Pa.C.S.A. § 5934. In the present case, the contested Will was dated October 24, 1973. Shortly thereafter on January 7, 1974, Dr. Pearson examined Decedent and diagnosed her mental condition to be irreversible, progressive senile dementia with an outlook of progress with no chance of recovery. On the basis of Dr. Pearson's and other testimony, Decedent was adjudicated

an Incompetent by decree on February 14, 1974, less than four months following the execution of said Will.

Dr. Pearson died approximately one year prior to the hearings on the issue of Decedent's testamentary capacity which were conducted in 1982. The testimony of Dr. Pearson in the competency proceeding was introduced into evidence by Appellees over the objection of Appellant. (N.T. 3/29/82, pp. 102–113). Admission of this testimony into evidence was based on 42 Pa.C.S.A. § 5934 which provides:

> Whenever any person has been examined as a witness in any civil matter before any tribunal of this Commonwealth or conducted by virtue of its order or direction, if such witness afterwards dies, or is out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he becomes incompetent to testify for any legally sufficient reason, and if the party, against whom notes of the testimony of such witness are offered, had actual or constructive notice of the examination and an opportunity to be present and examine or cross-examine, properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed *between the same parties and involving the same subject matter as that upon which such witness was so examined.* For the purpose of contradicting a witness, the testimony given by him in another or in a former proceeding may be orally proved. (Emphasis added)

Appellant contends that neither the parties nor the subject matter of the competency hearing were identical to the parties and subject at issue in the testamentary capacity proceedings.

■ We agree that the trial court erred by admitting this testimony under § 5934 for the reason that the requisite identity of parties was clearly lacking. The competency hearing was brought by Appellees; however, it did not include Appellant as a party. By comparison, Appellant was a party to the proceedings concerning Decedent's testa-

mentary capacity. Appellees argue that the identity requirement was met by virtue of the fact that Appellant's counsel participated in the competency hearing and entered his appearance for Decedent. Therefore, it is alleged, that by engaging her own counsel to represent Decedent in the competency hearing, Appellant's counsel was in actuality protecting Appellant's interests. We are not convinced that this amounts to the required identity of parties as envisioned by our legislature.

Our research of Pennsylvania law has not disclosed any cases expounding upon the necessity of identity of parties. However, we note that our sister states which have legislation akin to § 5934 have interpreted the identity requirement in vastly dissimilar ways. It has been recognized by some courts, under McCormick's guidance, that actual identity of parties or privity between parties is not essential as long as it "appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination." C. McCormick, *Evidence*, § 256, at 765 (Cleary 3rd ed. 1984) (footnotes omitted). This is the interpretation which Appellees would have us enunciate as a rule of law in Pennsylvania. However, we decline to afford the language of § 5934 such a broad interpretation absent any indication by our legislature in support of this view. Had our legislature been inclined to set forth more liberal legislation in this area of evidence, the language of this statute would have reflected that intention.[2] In fact, legislation concerning former testimony has remained substantially the same in this Commonwealth since 1887. Accordingly, we hold that the testimony of Dr. Pearson was improperly admitted during the testamentary capacity hearings. We are convinced, though, that the testimony of all other witnesses elicited during these pro-

---

**2.** For instance, Fed.R.Evid. 804(b)(1) explicitly recognizes a hearsay exception for former testimony "if the party against whom the testimony is now offered, or, in a civil action or proceeding, *a predecessor in interest,* had an opportunity and *similar motive* to develop the testimony by direct, cross, or redirect examination".

ceedings is sufficient to support the hearing judge's final determination. Therefore, we find that the admission of this testimony was not reversible error.

Appellant next claims that the evidence produced during the testamentary capacity proceedings was not sufficient to support the hearing judge's finding of Decedent's incapacity. We have reviewed the record of these hearings and have accorded due consideration to the arguments of counsel. The testimony as correctly summarized by the hearing judge's Opinion dated April 21, 1983, excluding that of Dr. Pearson, was sufficient and properly supported that court's findings. Therefore, we need not repeat that thorough analysis and disposition of the witnesses' testimony. It bears repeating, however, that we disagree with that portion of the Opinion which discusses Dr. Pearson's testimony.

Appellant further posits that the Orphans' Court erred in denying Appellant's motion to dismiss Appellees' appeal from the Register of Wills' decree admitting Decedent's Will to probate. This argument is grounded on two premises. First, Appellant contends that Appellees unreasonably delayed the appeal and, in essence, advances the equitable doctrine of laches. "The application of ... laches does not depend upon the fact that a certain definite time has elapsed, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to act to another's prejudice." *In re Estate of Marushak,* 488 Pa. 607, 610, 413 A.2d 649, 651 (1980) (citation omitted). "Delay which injures no one will not furnish reason for refusing relief." *In re Meyer's Estate,* 173 Pa.Super. 592, 596, 98 A.2d 444, 446 (1953).

We have examined the procedural profile of this case and have found it to display a labyrinth of procrastination, *committed by both parties,* which has caused the disposition of this case to span nearly a decade. Further confounding Appellant's argument is the fact that Appellant has failed to specifically state how she has been prejudiced by any delays caused by Appellees. The only theory re-

motely resembling a showing of prejudice is Appellant's statement that:

> had this Petition been brought before the learned trial Judge promptly, all witnesses, both for and against the Will, would have had a more precise recollection of what happened, and Dr. Pearson would have been available to be cross-examined. (Appellant's Brief, pp. 34–35)

We have reviewed the testimonies of all of the witnesses and have found them to be clearly expressed and convincing recounts of the events about which were testified. There is no indication from the record that the passage of time had dulled the witnesses' recollection. More importantly, Appellant has failed to cite any excerpts from the testimony that would support this view. We have already addressed the issue concerning Dr. Pearson's unavailability to testify, and we further note that the absence of his testimony did not work to Appellant's disadvantage. Therefore, we hold that Appellant's allegation of laches must fail.

■ Last, Appellant argues that Appellees' appeal from the Register's decree should have been dismissed on grounds that Appellees failed to post Bond sur the Appeal, as arguably required by § 908(b) of the Probate, Estates and Fiduciaries Code. This section of the Code provides the following:

> (b) Bond.—The court, upon cause shown and after such notice, if any, as it shall direct, may require a surety bond to be filed by anyone appealing from a decree of the register conditioned for the payment of any costs or charges that may be decreed against him. The sufficiency of the surety shall be determined by the register in the first instance, with right of appeal to the court. If a bond in compliance with the final applicable order is not filed within ten days thereafter, the appeal shall be considered abandoned.

20 Pa. C.S.A. § 908(b). Appellant mistakenly interprets this statute to dictate that the necessity and sufficiency of the surety shall be determined initially by the Register with a right of appeal to the Orphans' Court. In support of this

explanation, Appellant cites *In re Haueisen Estate*, 12 D & C 3d 423, 30 Fiduc. Rep. 145 (1979). We have reviewed this case and find that the portions thereof quoted in Appellant's brief are dicta and are inapplicable to the case at bar. Rather, we read § 908(b) to provide that the Register is vested with discretion in determining the sufficiency of surety *only after* the Orphans' Court directs the filing of the surety bond. This position is consistent with the purpose of the legislation in dispensing with the unnecessary expense of filing surety bonds on appeals from the Register. *See* Official Comments to § 908(b). For these reasons we hold that the Orphans' Court did not err in refusing to dismiss Appellees' appeal from the Register.

Accordingly, the Final Decree of the Orphans' Court *en banc* is affirmed. Jurisdiction of this court is relinquished.