561 A.2d 1229

**Benilda E. POLK, Widow, Leonard W. Polk, Deceased, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SAMBO'S RESTAURANTS, INC.)**

Supreme Court of Pennsylvania.

Argued May 5, 1989.

Decided Aug. 8, 1989.

James H. Thomas, Paula B. Katchmer, Lancaster, for appellant.

W. Jeffrey Sidebottom, Paul D. Clouser, Lancaster, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

LARSEN, J., files a dissenting opinion.

## DISSENTING OPINION

LARSEN, Justice, dissenting.

I dissent. Leonard W. Polk, appellant (deceased) was a working man, husband of Benilda Polk, appellant, and the father of a four year old son, Leonard W. Polk Jr. On February 6, 1981, Polk the manager of Sambo's Restaurant Inc. (appellee) was fatally shot at his place of employment,

by Melvin Dill a manager trainee. The history of Dill's employment with Sambo's was, at best, tempestuous. Dill's erratic behavior culminated in an assault on two co-employees for which he was fired by Polk. Dissatisfied with his termination, Dill contacted Sambo's home office, which reinstated Dill with a two-week suspension.

On February 5, 1981, Dill failed to report to work and was fired for the second time by Polk. On February 6, 1981, at approximately 8:45 p.m., Dill, who was admittedly suffering from hallucinations, arrived at Sambo's with a shotgun. He approached Polk and shouted, "why did you do this to me, why did you rape me in that motel room" and then shot and killed him.

Due to her husband's death, Mrs. Polk filed a fatal claim petition under the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736 as amended June 21, 1939, P.L. 520 (Purdon's 1952) 77 P.S. § 411. At the time of his arrest Dill was mentally incompetent to stand criminal trial and was incarcerated at Fairview Institute for the criminally insane. At the time of the first workmen's compensation hearing, Dill was not permitted to testify because of his pending criminal trial. After pleading guilty to third degree homicide, and being sentenced to five to twenty years imprisonment, Dill on April 12, 1982, testified at a second workmen's compensation hearing on Mrs. Polk's fatal claim petition. He stated that his reason for killing Polk was "personal" and not work related. He alleged that he had two homosexual encounters with Mr. Polk and that the second took place on January 20, 1981 at the Treadway Inn in Lebanon, Pennsylvania, when Mr. Polk allegedly raped him.

A substitute referee, who did not hear the testimony of Melvin Dill, was assigned to the case and rendered the findings of fact and conclusions of law. He concluded that Sambo's met its burden of proving that Dill shot Polk for "personal" reasons stating:

> The employer has met that burden by virtue of the testimony presented by Melvin C. Dill who was the assailant, who eventually pleaded guilty to third degree homicide and at the time of these hearings resided at Camp

Hill penitentiary. Mr. Dill's testimony concerning the motivation behind that killing which this Referee has no reason not to accept, was that it was by virtue of a homosexual relationship which included an encounter approximately two and a half weeks prior to the date of the shooting.

Referee's Op. at p. 2. The Commonwealth Court affirmed the order of the Workmen's Compensation Appeal Board, which affirmed the decision of the referee.

Our Workmen's Compensation Act (the Act) precludes recovery for non-work related injury or death caused by an act of a third party as follows:

The term 'injury arising in the course of his employment' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment. . . .

77 P.S. § 411(1). Under Pennsylvania law when an employee is injured or dies as a result of an assault by a fellow employee a presumption exists that the claimant is covered by the terms of the Act and the burden of proof shifts to the employer to show that the assault was personally motivated. *O'Rourke v. O'Rourke*, 278 Pa. 52, 122 A. 172 (1923), *Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959). Where a presumption in favor of a party exists, it does not merely vanish because the party against whom it operates offers *some evidence* to rebut the presumption. This court has consistently held that certain presumptions can only be overcome by *"clear positive, credible and uncontradicted evidence"*. See e.g., *Ford v. A.E. Dick Co.*, 288 Pa. 140, 146, 135 A. 903 (1927) (presumption against suicide); *Cairgle v. American Radiator and Standard Sanitary Corp.*, 366 Pa. 249, 77 A.2d 439 (1951) (presumption against illegitimacy); *In re Garges' Estate*, 474 Pa. 237, 378 A.2d 307 (1977) (presumption that valid marriage continues until death or divorce); *In re Hasting's Estate*, 479 Pa. 122, 387 A.2d 865 (1978) (presumption of incompetency); *Estate of McGovern*, 512 Pa. 377, 517 A.2d

523 (1986) (presumption that a signed document accurately expresses the state of mind of the signing party). Given the fact that the act is remedial in nature and is to be liberally construed in favor of the employee, clear and convincing evidence was necessary to rebut the presumption of coverage under the act in this case.

The employer's evidence in this case was not clear, convincing or uncontradicted. Indeed, the evidence upon which the employer relied to show that the killing was personally motivated would not even meet the standard of a preponderance of the evidence. This evidence, consisting primarily of the testimony of Dill, was replete with conflicting and vague answers. The affidavit of a housekeeping employee who cleaned Dill's room at the inn where the rape allegedly took place, contradicted Dill's version of the events. The only *attempted tenuous* link to support the fact that a rape or homosexual tryst took place was a statement in the housekeeper's affidavit that Polk had been a resident of the Inn near the time that Dill checked into room 307 on January 19, 1981.[1]

Moreover, the referee capriciously disregarded competent evidence presented by Polk concerning the two recent firings of Dill, Dill's assaults on two co-employees, and the history of disciplinary problems Polk, as manager, had with Dill. The referee fails to even mention these events in his findings of fact and conclusions of law. Thus, based upon *all of the evidence* presented, only by guessing could the fact finder conclude that the killing was personally motivated because Polk had an inharmonious homosexual relationship with Dill. As we have recently stated in *Lewis v. Civil Service Commission*, 518 Pa. 170, 542 A.2d 519 (1988), when competing inferences can be drawn from the same set of circumstances a trier of fact "must not be permitted to guess which inference it will adopt".

1. The affidavit of the maid employed at the Treadway Inn who cleaned Dill's room stated:
Leonard Polk had been staying in room 306 as a regular resident for a period of time of which I do not know the duration, but he had been living there near the time that Melvin Dill checked in at room 307.

Instead, the referee's findings of fact must be supported by substantial evidence. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Clites v. Township of Upper Yoder*, 506 Pa. 349, 354, 485 A.2d 724, 726 (1984). "Substantial evidence is more than a scintilla and must do more than create a suspicion of the existence of the fact to be established." *Pennsylvania State Board of Medical Education and Licensure v. Schireson*, 360 Pa. 129, 133, 61 A.2d 343, 346 (1948). There was not substantial evidence to support the referee's finding that the killing was "personally motivated" in this case. An injustice has been done in that, the same employer who subjected Polk to the risk of firing this unstable individual a second time, was successful in rebutting the presumption of coverage under the act with *scant* evidence of an homosexual relationship between co-employees.

Recognizing that a presumption of coverage exists under the Workmen's Compensation Act when an employee is injured or killed due to an assault by a co-employee, I would reverse the order of the Commonwealth Court and remand for the granting of fatal claim benefits to Benilda Polk (widow).