602 A.2d 1317

**In re ESTATE OF Frank T. MALJOVEC, Jr., Deceased.**

**Appeal of Franciska O. MALJOVEC.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1991.

Filed Dec. 24, 1991.

Reargument Denied Feb. 24, 1992.

Roger H. Taft, Erie, for appellant.

Arthur Stewart, Warren, participating party.

Before CIRILLO, FORD ELLIOTT and BROSKY, JJ.

CIRILLO, Judge:

This is an appeal from an order entered in the Court of Common Pleas of McKean County, Orphans' Court Division, granting an accounting and awarding monies to the Estate of Frank T. Maljovec, Jr., deceased. We reverse.

Marine Bank, executor of the Will of Frank T. Maljovec, Jr., filed an action for a declaratory judgment that certain property originally held by Mr. and Mrs. Maljovec as tenants by the entireties had been severed by agreement during Mr. Maljovec's lifetime, and at the time of his death was held as a tenancy in common. In the alternative Marine Bank petitioned for an accounting of the rental proceeds and expenses. The Orphans' Court determined that the tenancy by the entireties had not been severed, and ordered an accounting to be prepared within thirty days. Exceptions by both the Estate and the widow, appellant Franciska O. Maljovec, were filed and denied. The widow then filed an exception to the denial of her exception, which was also denied. This timely appeal followed.

The widow presents two issues for our consideration: 1) Whether the estate of a deceased spouse is not entitled to an accounting with respect to expenditures made by

the decedent which related to real estate held by husband and wife as tenants by the entireties?

2) Whether a six year statute of limitations should be applied to an accounting with respect to expenditures made by one spouse which related to real estate held by husband and wife as tenants by the entireties?

■ Our scope of review of a decree or order entered by the Orphans' Court is extremely limited. We will modify a decree only if it is not supported by competent or adequate evidence, if an error of law has been committed, or if the trial court abused its discretion or capriciously disbelieved credible or competent evidence. *Fulkroad v. Ofak*, 317 Pa.Super. 200, 203, 463 A.2d 1155, 1156 (1983).

■ It is well established that tenancy by the entireties is based on the common law concept that husband and wife were but one legal entity. *Biehl v. Martin*, 236 Pa. 519, 522, 84 A. 953, 954 (1912). Tenancy by the entireties is a form of co-ownership of property, either real or personal, by a husband and wife, with its essential characteristic being that "each spouse is seised per tout et non per my, i.e. of the whole or the entirety and not of a share, moiety or divisible part." *In re Gallagher's Estate*, 352 Pa. 476, 478, 43 A.2d 132, 133 (1945) (citations omitted). Entireties property is characterized by the unities of interest, title, time, and possession, and by the right of survivorship. *Stemniski v. Stemniski*, 403 Pa. 38, 41, 169 A.2d 51, 52 (1961); *Berhalter v. Berhalter*, 315 Pa. 225, 227, 173 A. 172, 173 (1934). Upon the death of one spouse the surviving spouse takes no new estate; the only change is in the properties of the legal entity holding the estate. *Biehl*, 236 Pa. at 523, 84 A. 953, citing *Stuckey v. Keefe*, 26 Pa. 397 (1856). " 'The whole estate continues in the survivor the same as it would continue in a corporation after the death of one of the corporators. This has been settled law for centuries.' " *Id.*

■ It is also well settled that for the duration of the entireties estate either spouse presumptively has the power to act for both, without specific authorization from the

other, "provided the fruits or proceeds of such action inures to the benefit of both ..." *Gallagher*, 352 Pa. at 479, 43 A.2d at 134, quoting *Madden v. Gosztonyi Security and Trust Co.*, 331 Pa. 476, 489, 200 A. 624, 630 (1938); *see also O'Malley v. O'Malley*, 272 Pa. 528, 533, 116 A. 500, 502 (1922). Conversely, neither spouse may appropriate property for his or her own use, to the exclusion of the other, without the other's consent. *Shapiro v. Shapiro*, 424 Pa. 120, 136, 224 A.2d 164, 172 (1966); *Berhalter, supra.* A tenancy in the entireties continues for the duration of the marriage unless terminated by the death of one spouse or severed by the joint action of both parties. *Clingerman v. Sadowski*, 513 Pa. 179, 183, 519 A.2d 378, 381 (1986) (citations omitted). Severance may only be achieved through divorce, a joint conveyance, or mutual agreement, either express or implied; a tenancy by the entireties cannot be severed or conveyed away by the independent action of one spouse. *Id.*

Despite the centuries-old common law principle that entireties property can neither be severed by nor usurped for husband or wife alone, Pennsylvania case law is replete with instances of errant spouses attempting to do just that. *See Clingerman v. Sadowski, supra; In re Gallagher's Estate, supra; Wakefield v. Wakefield*, 149 Pa.Super. 9, 25 A.2d 841 (1942); *Biehl v. Martin, supra.* In order to maintain the integrity of ownership by the entireties yet protect the interests of the injured spouse, our supreme court, in 1934, introduced a novel solution in *Berhalter, supra.* There, Mrs. Berhalter, the estranged wife, had withdrawn $6,000.00 from an entireties bank account and had deposited it in a different bank in a new account under her name alone. Our supreme court determined that the wife's diversion of the $6,000.00 to her own use "was tantamount to an offer to her husband to destroy the estate by entirety." 315 Pa. at 229, 173 A. at 173. When the husband petitioned the court for a division of the funds, "this constituted an acquiescence in [his wife's] offer or election to divide the funds." *Id.* Thus, by framing the

wife's usurpation of the funds in terms of an implied offer and the husband's petition for division of the funds in terms of an implied acceptance, the supreme court protected the husband's interest during coverture without impairing the unities underlying tenancies by the entireties.

While the supreme court's initial recognition of an implied mutual agreement to terminate a tenancy by the entireties concerned cash in a bank account, *Berhalter, supra,* the court soon applied the same legal fiction to United States savings bonds held by the entireties. *Stemniski v. Stemniski,* 403 Pa. 38, 169 A.2d 51 (1961). In *Stemniski* the husband redeemed the majority of the couple's savings bonds and deposited the proceeds in two new savings accounts in his name only. The wife petitioned for an accounting and for reimbursement of one-half of the monies. In affirming the trial court's grant of the requested relief, the supreme court stated:

> A violation of the rules by one spouse's appropriating the property to his own use works a revocation of the estate by the fiction of appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit; the property is *then* fit for accounting and division.

*Id.,* 403 Pa. at 42, 169 A.2d at 53 (emphasis added).

■ While both spouses are alive and the marriage is intact it is immaterial which spouse redeems bonds, leases property or collects rent from entireties properties, for presumably the proceeds will be spent for the benefit of both parties. *O'Malley,* 272 Pa. at 532–533, 116 A. at 502. *See also In re Gallagher, supra.* As husband and wife together constitute but one person in law, the undivided proceeds or income from entireties property belongs to each of the spouses, and not to either one exclusively. *O'Malley, supra.* Moreover, because they are a single legal entity, " 'no action of *partition,* or *waste,* or *account,* or *ejectment,* can be maintained by one against the other.... ' " *Wakefield,* 149 Pa.Super. at 11, 25 A.2d at 842 (1942), quoting *Stuckey v. Keefe's Executors, supra,* (emphasis in

original). Thus, as our supreme court noted in the above quotation, the entireties estate must first be destroyed, for only then is it fit for accounting and division. *Stemniski,* 403 Pa. at 42, 169 A.2d at 53.

■ However, when one spouse has misappropriated entireties property for his or her own use, to the exclusion of the other, equity will not permit the unity inherent in an entireties estate to reward the wrongdoer and injure the innocent spouse. *See Lindenfelser v. Lindenfelser,* 396 Pa. 530, 153 A.2d 901 (1959). Therefore, under the legal fiction introduced in *Berhalter,* once an injured spouse has sued for relief and the court conclusively establishes that a misappropriation of or exclusion from entireties property has occurred, the court may "find" an implied mutual agreement to sever. *Berhalter, supra.* On the basis of that implied agreement, which constitutes joint action, the entireties estate is destroyed [1] and the court is free to order an accounting, partition, ejectment or any other appropriate remedy. *Lindenfelser, supra.*

■ In the present case Frank and Franciska Maljovec were separated but still legally married at the time of Frank's death in 1986. In 1975 the couple had leased an office building they owned as tenants in the entireties to the Pennsylvania State Police for use as a barracks. Since the Maljovecs were separated when the lease was executed, the Commonwealth held all rental payments in an escrow account in the names of both Frank and Franciska Maljovec. Consequently, neither party had access to the rental proceeds. After Frank's death the executor of his estate

---

1. Recently, in *Clingerman v. Sadowski,* 513 Pa. 179, 519 A.2d 378 (1986), the supreme court restated the legal fiction of an implied agreement to sever an entireties estate as "a more exacting test to determine whether severance has occurred. It is the two-part test of an offer, consisting of a misappropriation, and an acceptance, consisting of the filing of an action to partition [or for an accounting, ejectment or other remedy]." *Id.,* 513 Pa. at 188, 519 A.2d at 383. The court emphasized that the focus is not solely on the filing of the

petitioned Orphans' Court for a declaratory judgment that the tenancy by the entireties had been severed by agreement prior to Frank's death and that the real estate in question was owned by the couple as tenants in common. In the alternative the executor requested an accounting of all maintenance expenditures on the property. Although the Maljovecs had discussed converting the tenancy by the entireties into a tenancy in common, the trial court determined that at the time of Frank's death the property was still owned by the couple as a tenancy by the entireties. Despite that specific finding, the trial court nevertheless ordered an accounting of the maintenance expenditures from the inception of the lease and escrow account. However, the very nature of an entireties estate precludes an accounting, for a single legal entity cannot be ordered to account to itself. *See Stemniski, supra; Wakefield, supra.*

In its opinion the trial court stated:

We specifically find that an accounting is justified based upon the caselaw contained in *Lindenfelser v. Lindensfelser* [sic], 396 Pa. 530, 153 A.2d 901 (1959) and *Fascione v. Fascione,* 272 Pa.Super. 530, 416 A.2d 1023 (1979). Both of these cases hold that the Court may order an accounting when entireties property is involved. The fact that one of the parties is no longer alive does not change the result since death does not affect that party's substantive rights. See *In Re Dowler's Estate,* 358 [368] Pa. 519, 84 A.2d 209 (1951). This case involves a situation where the items for which an accounting is sought— maintenance of real estate, mortgage etc.—were joint obligations of the parties. The obligations were incurred for the benefit of both and, therefore, a post-death accounting should be ordered to assess and equalize the spouses' contributions to the entireties property.

We disagree with the trial court's interpretation of the case law and find *Lindenfelser, supra* and *Fascione, supra* to be inapposite to the case at hand.

petition, but on whether the *two* elements occurred. *Id.* (emphasis in original).

In *Lindenfelser,* the couple was separated but not divorced. While the marriage was intact the couple had purchased, as tenants by the entireties, three parcels of real estate; the marital home and two rental properties. When the couple separated, the wife retained exclusive control of all three properties and used the income from the rental properties to support herself. Several years after the separation the husband's business failed, leaving him destitute and in need of support. When the husband sought part of the income from the entireties property he was rebuffed first by his wife and then by the trial court. The case was extensively litigated and reached the supreme court three times. The supreme court determined that the husband's previous acquiescence in his wife's exclusive use of the marital residence and rental proceeds did not preclude him from later seeking his share of the entireties property to support himself. The court stated:

> We believe the modern rule to be that where husband and wife are separated but not divorced and *where one of them is excluded* from the exercise or enjoyment of rights inherent in an estate held by the entireties, an accounting of the property so held may be ordered and the property or proceeds divided equally between them. (emphasis added).

*Lindenfelser,* 396 Pa. at 534, 153 A.2d at 905.

In *Lindenfelser* the wife's exclusion of her husband from the entireties property was an implied offer to terminate the entireties estate, and the husband's petition for an accounting constituted his acceptance of her offer. Thus by implied mutual agreement the entireties estate was severed and the court was then able to order an accounting and division of the rental proceeds or of the properties themselves. Here the Maljovecs were also separated but not divorced. Unlike the situation in *Lindenfelser,* however, neither Frank nor Franciska Maljovec had ever been excluded by the other from the exercise or enjoyment of rights inherent in an entireties estate. The rental income was held in an escrow account in both names, to the benefit of both

and the exclusion of neither. Therefore, the trial court could not properly apply the fiction of an implied agreement to sever the tenancy in order to permit an accounting.

In *Fascione*, the husband and wife owned a bank account, their marital domicile and all the furnishings therein as tenants by the entireties. After twenty years of marriage the wife moved out of their house. Subsequently the husband moved furniture out of the marital abode, ostensibly because he thought he might need the items to furnish an apartment for himself. This court agreed with the trial court's finding of an implied agreement to sever the entireties estate, and reasoned that regardless of the husband's rationale for removing the furniture, "the result is identical: namely, an *exclusion of the wife* from entireties property." [2] *Fascione*, 272 Pa.Super. at 537, 416 A.2d at 1026 (emphasis added). Again in *Fascione*,[3] as in *Lindenfelser*, the polestar is the *exclusion of one spouse by the other*

**2.** This court also found that the trial court erred by not extending the severance to *all* property held by the entireties—the domicile and the bank account in addition to the furniture. 272 Pa.Super. at 534, 416 A.2d at 1025. The court stated: "The clear import of the supreme court's use of the term 'all property' [in *Watkins v. Watkins*, 393 Pa. 284, 142 A.2d 6 (1958)] is that upon misappropriation of a single unit, whether it be personal property, real estate, or bank accounts, the sum total of entireties property is available for partition." *Id.* 272 Pa.Super. at 537–538, 416 A.2d at 1027. The court further stated that "it would be injudicious to subject the injured party [the wife] to the risk of future misappropriations by a spouse who has disregarded the tenancy's fundamental obligation." *Id.*

**3.** In *Fascione* this court denied the husband's request for reimbursement for one-half of the expenses he sustained for maintenance and taxes on their marital residence for the period he had wrongfully excluded his wife. The court did hold that the husband was to be reimbursed for one-half of the mortgage payments though. According to the court: "Mortgage payments, however, stand on a different footing, as they increase the equities of both parties regardless of the exclusion of the wife." 272 Pa.Super. at 540, 416 A.2d at 1028. The wife was ordered to reimburse her husband *from the date of her exclusion* from their domicile; in other words, from the date of her husband's implied offer to terminate the tenancy by the entireties. This holding is inapplicable to the instant case because at no time did either Frank or Franciska Maljovec exclude the other from the rental proceeds from the entireties property rented to the Pennsylvania State Police.

*spouse* from the use or enjoyment of the entireties property.

In *In re Dowler's Estate* the widower sought contribution from his deceased wife's estate for five debts he had satisfied after her death. Four of the debts related to entireties property and the fifth was an installment contract signed by both husband and wife for an appliance. Our supreme court analyzed in detail each claim for reimbursement and awarded the widower one half of the balance due *at the time of his wife's death* only on the mortgage, a judgment note for the roof and a promissory note for the storm windows for property held by the entireties. The court permitted *no* reimbursement for expenses incurred *while the wife was still alive.* Upon the death of the wife the tenancy by the entireties was destroyed, *see Clingerman, supra,* and the deceased's estate became liable for her half of the debts for which she co-signed. *Dowler,* 368 Pa. at 521–522, 84 A.2d at 210 (citations omitted). Contrary to the trial court's interpretation, *Dowler* does *not* stand for the proposition that a deceased spouse's estate is either subject to or entitled to an accounting and contribution for expenses incurred on entireties property *during the lifetime* of the deceased spouse. There is simply no support for this conclusion.

In light of the foregoing, we hold that the trial court's decision that the Maljovec Estate is entitled to an accounting of the entireties property held in escrow from 1976 until testator's death is erroneous as a matter of law. *Fulkroad, supra.* As we have concluded that the Estate is not entitled to an accounting for the period that Frank Maljovec was alive, we need not reach the issue of the appropriate statute of limitations to be applied.

Order reversed and case remanded to the trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.